**WO** BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amado Gonzalez, | No. CV 05-0275-PHX-NVW (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

Plaintiff Amado Gonzalez, a county jail inmate at the Maricopa County Durango Jail in Phoenix, Arizona,[1] filed a *pro se* Application to Proceed *In Forma Pauperis* (Doc. #5), seeking reconsideration of this Court's April 18, 2005 order dismissing his 42 U.S.C. § 1983 Complaint without prejudice (Doc. #4). The Application will be construed as a motion to amend a judgment pursuant to Fed.R.Civ.P. 59 and will be denied.

On January 14, 2005, the Court received Plaintiff's Complaint for filing. (Doc. #1). The same day, the Court issued a Notice of Assignment (Doc. #2) to Plaintiff. On March 3, 2005, this Court denied Plaintiff's leave to proceed *in forma pauperis* without prejudice, providing that Plaintiff had 30 days to either pay the $150.00 filing fee or properly apply to proceed *in forma pauperis*, or his Complaint would be dismissed. (Doc. #3). Plaintiff failed

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

to respond, and on April 18, 2005, this Court dismissed the Complaint without prejudice. (Doc. #4).

On April 28, 2005, Plaintiff filed an Application to Proceed *In Forma Pauperis*, indicating that on March 7 and 10, 2005, he requested the Maricopa County Sheriff's Office provide him a statement of his inmate trust account. (Doc. #5). Plaintiff also attached a letter indicating that he has attempted to properly fill out his Application, but the jail officials have not returned the form filled out to him. (Id.). In his Application, Plaintiff requested that this Court reverse the judgment dismissing his Complaint. (Id.).

A party may seek to alter or amend a judgment within 10 days of the entry of the judgment. Fed.R.Civ.P. 59(e). Plaintiff's request is thus timely. However, this Court will denied Plaintiff's request to reverse this Court's April 18, 2005 judgment. (Doc. #5).

To apply to proceed *in forma pauperis*, the prisoner must submit an affidavit of indigence and a *certified* copy of his trust account statement for the six months preceding the filing of the Complaint. See 28 U.S.C. § 1915(a)(2). He must include statements from each institution where he was confined during the six months preceding the filing of the Complaint. Id. To assist prisoners in meeting these requirements, the Court requires use of a form application under Local Rule of Civil Procedure 3.4(a). Plaintiff's original Application to Proceed *In Forma Pauperis* was deficient because (1) the Certificate of Correctional Official as to Status of Applicant's Trust Account was not completed, and (2) Plaintiff did not attach a certified copy of his trust account statement. (Doc. #1). Plaintiff has yet to filed a completed Application to Proceed *In Forma Pauperis*. Plaintiff's instant application consists of only the first page of the application form, and is deficient because (1) he has not signed it, (2) he has not filed out the consent to collection of fees from his trust account, (3) the Certificate of Correctional Official as to Status of Applicant's Trust Account was not completed, and (3) a certified copy of his trust account statement was not attached. (Doc. #5).

Plaintiff argues that he has not filed a completed Application due to actions taken by the jail. However, Plaintiff has made no further attempt to abide by this Court's prior order

- 2 -


1  to file a proper and completed Application to Proceed *In Forma Pauperis* and has not
2  requested additional time in which to do so. Moreover, without this information, this Court
3  cannot properly consider Plaintiff's Application to Proceed *In Forma Pauperis*.
4  Accordingly, Plaintiff's request for reversal of this Court's April 18, 2005 order will be
5  denied.

6  **IT IS ORDERED**:

7  (1) That Plaintiff's request that his April 18, 2005, judgment be reversed is construed
8  as a Fed.R.Civ.P. 59(e) motion (Doc. #5).

9  (2) That Plaintiff's Rule 59(e) motion (Doc. #5) is **denied**.

10  DATED this 25th day of October, 2005.

_____
Neil V. Wake
United States District Judge